ARCHIE JELLEN v. ERNEST SMITH INSURANCE AGENCY, INC. AND SOUTH CAROLINA INSURANCE COMPANY, AN INSURANCE CORPORATION

No. 8430SC548

(Filed 18 December 1984)

Constitutional Law § 24.7; Process § 14.3— personal jurisdiction over foreign cor-
poration — statutory authority — minimum contacts

The North Carolina courts have authority to exercise personal jurisdiction
over defendant Florida insurance agency in an action concerning a homeown-
er's insurance policy under the statute relating to actions which arise out of
promises to deliver things of value to North Carolina, G.S. 1-75.4(5)(c), and
under the statute relating to corporations which repeatedly solicit business in
North Carolina, G.S. 55-145, where the evidence showed that the defendant
promised a North Carolina agency that it would write an insurance policy in-
suring a residence plaintiff owned in Florida and deliver the same to the agen-
cy in North Carolina to be forwarded to plaintiff in North Carolina, the policy
was in fact delivered to North Carolina, and such delivery was pursuant to a
verbal agreement between the North Carolina and Florida agencies to refer
business to each other which had been in effect for over twenty years. Fur-
thermore, such evidence showed that defendant had sufficient minimum con-
tacts with North Carolina so that the exercise of personal jurisdiction over it
did not offend due process.

APPEAL by defendant Ernest Smith Insurance Agency, Inc.,
from *Downs, Judge.* Order entered 27 December 1983 in Superior
Court, MACON County. Heard in the Court of Appeals on 24 Oc-
tober 1984.

*Van Winkle, Buck, Wall, Starnes and Davis by Russell P.
Brannon for defendant appellant.*

*Mayer & Magie by Roderic G. Magie for plaintiff appellee.*

BRASWELL, Judge.

Defendant Ernest Smith Insurance Agency appeals from an
order denying its motion to dismiss for lack of personal jurisdic-
tion. It argues that the court erred by failing to dismiss the ac-
tion in that there is no statutory authority under which the North
Carolina courts can exercise jurisdiction. Defendant Smith also
contends that it does not have sufficient minimum contacts with
North Carolina to satisfy the due process requirements of the
United States Constitution. We disagree and affirm the trial
court's order.

Plaintiff, Archie Jellen, a North Carolina resident, sued to recover money damages from a loss under vandalism coverage in a homeowner's policy. The policy was issued on plaintiff's Florida residence by South Carolina Insurance Company (hereinafter Insurance Company) and procured by Ernest Smith Insurance Agency (hereinafter Ernest Smith) located in Florida. Following the service of the suit, Ernest Smith moved to dismiss for lack of personal jurisdiction.

In North Carolina plaintiff Jellen requested Tudor Hall & Associates, Inc. (hereinafter Tudor Hall), a North Carolina Corporation, to procure coverage for a Florida residence. Tudor Hall was not licensed to do business in Florida and could not sell the insurance. Because of the frequent nature of these types of requests from the public, Tudor Hall had some twenty years earlier entered into a "verbal agreement" with Ernest Smith whereby Ernest Smith would write the coverage on Tudor Hall's clients' Florida property, and in turn Ernest Smith would refer requests which they received in Florida for insurance on North Carolina properties to Tudor Hall. Under this agreement the commissions for the policies would be split 50-50 and the agency which actually wrote the coverage would do the bulk of the work. The policy and the bill for the insurance would be delivered by mail to the out-of-state agency to be forwarded to the purchaser.

In this case Tudor Hall called Ernest Smith to arrange for the policy. The policy was issued on the Insurance Company and mailed to the plaintiff in care of Tudor Hall. The commission was split between the agencies. After the policy was written, plaintiff Jellen specifically questioned whether vandalism was an insured risk. Tudor Hall called Ernest Smith and was assured that vandalism was covered. Following a loss, coverage was denied and litigation ensued. Following the denial of its motion to dismiss for lack of personal jurisdiction, Ernest Smith appealed.

Defendant Smith first contends the court erred by denying its motion to dismiss in that there was no statutory authority for the exercise of such jurisdiction.

G.S. 1-75.4(5)c. provides that the courts of this State shall have jurisdiction:

(5) . . . In any action which:

 \* \* \* \*

  c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; . . .

G.S. 55-145, which governs jurisdiction over foreign corporations not transacting business in this State, in pertinent part provides:

 (a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

 \* \* \* \*

  (2) Out of any business solicited in this State by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the State; . . .

The defendant meets the test set forth in both the above-quoted statutes. The evidence shows that Ernest Smith promised Tudor Hall that it would write an insurance policy insuring plaintiff's property and deliver the same to Tudor Hall in North Carolina to be forwarded to Mr. Jellen in North Carolina. The promise was kept and the policy was in fact delivered to North Carolina. These actions are sufficient to confer jurisdiction on the North Carolina courts pursuant to G.S. 1-75.4(5)c.

The evidence also shows that for some twenty years Ernest Smith has had an agreement with Tudor Hall to refer the business of writing insurance policies on Florida property to that agency. This agreement and the sales which have resulted therefrom are sufficient to show that Ernest Smith has been repeatedly soliciting business in North Carolina. Ernest Smith is, therefore, subject to the jurisdiction of the North Carolina courts pursuant to G.S. 55-145.

Ernest Smith next argues that the court erred by failing to dismiss the complaint because the agency did not have sufficient minimum contacts with the State of North Carolina to satisfy the due process requirement of the United States Constitution.

"[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L.Ed. 95, 102, 66 S.Ct. 154, 158 (1945) (*quoting Millikin v. Meyer,* 311 U.S. 457, 463, 85 L.Ed. 278, 283, 61 S.Ct. 339, 343 (1940)). In explaining this test, the Supreme Court in *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298, 78 S.Ct. 1228, 1240 (1958) stated:

> [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.

In the case *sub judice,* the defendant Ernest Smith entered the insurance market in North Carolina over twenty years ago. During this time they have, with the assistance of Tudor Hall, advanced their position and afforded themselves the protection of North Carolina law. Over this twenty-year period their North Carolina contacts and activities have resulted in a large amount of business which has afforded them significant financial gains. We conclude that these activities are sufficient to determine that the defendant Ernest Smith has the "minimum contacts" required to subject it to the jurisdiction of the North Carolina courts.

The defendant's assignments of error are overruled. The order of the trial court is

Affirmed.

Chief Judge VAUGHN and Judge EAGLES concur.